NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AARON HANDY, Jr., <br><br> Plaintiff <br><br> v. <br><br> NEW JERSEY STATE PAROLE BOARD, et al., <br><br> Defendants | Civil No. 23-2390 (RMB/MJS) <br><br> **OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the civil rights complaint under 42 U.S.C. § 1983 (Dkt. No. 1) filed *pro se* by Plaintiff Aaron Handy, Jr., a pretrial detainee confined in Cumberland County Correctional Facility in Bridgeton, New Jersey at the time he filed the complaint. Plaintiff has since been released from pretrial confinement. (Dkt. No. 4.) Plaintiff submitted an application under 28 U.S.C. § 1915(a) (Docket No. 3), which establishes his financial eligibility to proceed *in forma pauperis*, and the application will be granted. Plaintiff, however, will not be required to submit the filing fee in installment payments from his prisoner trust

account pursuant to § 1915(a)(2), because he is no longer confined.[1] For the reasons discussed below, the Court will dismiss the complaint without prejudice.

## I. *Sua Sponte* Dismissal

When a person is granted IFP status, courts must review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citation omitted). Thus, ["t]o survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 122-23 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

## II. DISCUSSION

### A. The Complaint

The defendants named in the complaint are Michael Schreiber, Esq. and the New Jersey State Parole Board. (Compl., Dkt. No. 1 at 12.) Plaintiff asserts

---

[1] Plaintiff also submitted a $5 filing fee, which is the fee required for filing a petition for writ of habeas corpus. 28 U.S.C. § 1914(a).

jurisdiction under 42 U.S.C. § 1983 for violation of his Sixth Amendment right to effective assistance of counsel. (*Id.* at 3.) The relief Plaintiff seeks is to be "removed from Megan's law" and for an unspecified injunction. (*Id.* at 13.) For his claim against New Jersey State Parole Board, Plaintiff alleges:

> I was in South Woods State Prison, as I recall, in 2003. I was brought into a room, and they told me I had to sign these new conditions or I wouldn't be released back into society. I felt coerced into doing so. My alternative the lady stated I would be civilly committed and would never go home.

(*Id.* at 12.) For his claim against Michael Schreiber, Esq., Plaintiff alleges:

> Defendant Michael Schreiber, assigned pool attorney at that time, never went over my discovery packet with me. I was never asked if I was innocent, and treated like criminal upon encountering my representation. I also never spoke to him until my sentencing time of only of what I should take. I was under the false premise that I would be serving a life sentence.

### B. Whether the Court Has Jurisdiction under § 1983 to Grant the Relief Requested

The proper means of seeking immediate or earlier release from confinement, is through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also Brock v. Weston*, 31 F.3d 887, 890 (9th Cir.1994) (like criminal incarceration, involuntary commitment satisfies section 2254's "in custody" requirement); *see also Buxton v. Pennsylvania*, 398 F. App'x 704, 707 (3d Cir. 2010) (finding challenge to parole revocation unexhausted because Petitioner did not appeal the decision in the state court, as permitted under state law). "An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State" *See* § 2254(b)(1)(A). Based on *Preiser* and its progeny, this Court lacks jurisdiction under § 1983 because the relief sought by Petitioner is immediate or earlier release from confinement.

### III. CONCLUSION

The Court will dismiss Plaintiff's § 1983 complaint for lack of jurisdiction. If Plaintiff has exhausted his state court remedies, he may reopen this matter by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, on this Court's form, which will be supplied to him.

An appropriate Order follows.


DATE: **November 3, 2023**        s/Renée Marie Bumb
                                   Renée Marie Bumb
                                   Chief United States District Judge